# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 16, 2003

## STATE OF TENNESSEE v. GRADY PAUL DAVERSON

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 234939     Rebecca J. Stern, Judge**

**No. E2003-00596-CCA-R3-CD**
**December 30, 2003**

A jury convicted the defendant, Grady Paul Daverson, of driving under the influence, fourth or subsequent offense. In this appeal, the defendant argues his arrest was illegal; therefore, the trial court erred by not suppressing the evidence against him. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Ardena J. Garth, District Public Defender; and William A. Dobson, Jr. (at trial) and Donna Robinson Miller (on appeal), Assistant District Public Defenders, for the appellant, Grady Paul Daverson.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; William H. Cox, III, District Attorney General; and Thomas E. Kimball, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On March 15, 2000, Tracy Roberson, a deputy with the Hamilton County Sheriff's Department, was working part-time as a private security guard at the Lakeshore Marina in Hixson when he observed the defendant walk unsteadily to his car and then drive erratically in the parking lot. Deputy Roberson testified he followed the defendant, who drove from the parking lot to his apartment using a public road. Deputy Roberson stated that after the defendant exited his car, he asked the defendant to talk to him. He said he could smell alcohol on the defendant's breath, and the defendant confirmed he had been drinking. Deputy Roberson said the defendant waited while the officer contacted the Chattanooga Police Department.

Officer Marc Bender responded to Deputy Roberson's request for assistance. Officer Bender testified the defendant was already out of his vehicle when he arrived. According to Officer Bender, Deputy Roberson told him what he observed. Officer Bender stated he then spoke with the defendant. Based on his own observations, he concluded the defendant had been drinking and

arrested him for driving under the influence. The defendant agreed to take a blood alcohol test, which showed his blood alcohol level to be .31 percent.

The defendant was indicted for driving under the influence, fourth or subsequent offense, a Class E felony. *See* Tenn. Code Ann. § 55-10-403(a)(1). He filed a motion to suppress the evidence obtained as a result of his arrest, which was denied by the trial court. A jury later convicted the defendant as charged in the indictment.

The defendant contends the trial court erred in denying his motion to suppress. More specifically, he contends his arrest was illegal because Officer Bender arrested him for a misdemeanor, driving under the influence, even though the officer did not observe the defendant driving or in physical control of the vehicle.

## STANDARD OF REVIEW

The findings of fact made by the trial court at the hearing on a motion to suppress are binding upon this court unless the evidence contained in the record preponderates against them. State v. Ross, 49 S.W.3d 833, 839 (Tenn. 2001). The prevailing party is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence. State v. Hicks, 55 S.W.3d 515, 521 (Tenn. 2001). However, the application of the law to the facts found by the trial court are questions of law that this court reviews *de novo*. State v. Daniel, 12 S.W.3d 420, 423 (Tenn. 2000).

## MISDEMEANOR ARREST

In Tennessee, a law enforcement officer may not make a warrantless misdemeanor arrest unless the defendant commits or threatens to commit the offense in his presence. *See* Tenn. Code Ann. § 40-7-103(a)(1). Recognizing that law enforcement officers often work as a team, this court has previously held this requirement may be satisfied when an officer relies upon information obtained from other officers in making a warrantless misdemeanor arrest. *See* State v. Ash, 12 S.W.3d 800, 806 (Tenn. Crim. App. 1999). An officer's use of reliable information from another officer does not violate the statute's purpose "to protect citizens from harassment and baseless arrests." *See id.*

In the case under review, it is undisputed that Officer Bender did not observe the defendant drive or assert physical control over his vehicle. Instead, Officer Bender relied upon Deputy Roberson's observations that the defendant, who appeared to be intoxicated, drove his vehicle in an erratic manner in the Lakeshore Marina parking lot and then drove home using a public road. Officer Bender testified his own observations also led him to believe the defendant had been drinking. Deputy Roberson provided reliable information sufficient to satisfy the statutory requirement that the misdemeanor occur in the presence of the arresting officer. Further, we note Deputy Roberson himself had the authority to arrest the defendant had he chosen to do so. *See* State v. Horace Durham, No. 01C01-9503-CC-00056, 1995 Tenn. Crim. App. LEXIS 911, at **4-5 (Tenn. Crim.

App. Nov. 16, 1995, at Nashville) (holding an off-duty police officer, like any private citizen, may make an arrest for a misdemeanor committed in his presence); *see also* Tenn. Code Ann. § 40-7-109(a)(1) (authorizing a "private person" to arrest another for a "public offense committed in the arresting person's presence").

      Accordingly, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE